45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Donna R. CHRISTIAN, Plaintiff-Appellant,
v.
MERCHANTS SERVICE CORPORATION, Defendant-Appellee.
 No. 93-3919.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 21, 1994.*
Decided Dec. 27, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Donna R. Christian[1] was employed by Merchants Service Corporation from May 1988 until she resigned in August 1990. Following her resignation, Christian brought suit against Merchants under Title VII, 42 U.S.C. Sec. 2000e et seq., alleging sexual harassment, racial discrimination, and retaliation. The case went to trial before Magistrate Judge Endsley,[2] who concluded that Christian failed to state a prima facie case of harassment, discrimination, or retaliation. The district court accepted the Magistrate's recommendation and entered judgment in favor of Merchants. Christian appeals, claiming that the evidence does not support the district court's determination. We affirm.
 
 I. Standard of Review
 
 2
 Whether the evidence establishes a prima facie case of harassment or discrimination presents mixed questions of law and fact: the court must apply the legal standards governing discrimination and harassment to the facts of the case. Where, as here, the district court correctly stated the law, we review its application of the facts to the law only for clear error. Rodgers v. Western-Southern Life Insurance Co., 12 F.3d 668, 674 (7th Cir.1993); Daniels v. Essex Group, Inc., 937 F.2d 1264, 1269 (7th Cir.1991).
 
 II. Sexual Harassment
 
 3
 To establish a sexual harassment claim under Title VII, Christian must demonstrate that "discrimination based on sex ... created a hostile or abusive work environment." Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 66, 106 S.Ct. 2399, 2405 (1986). The test for sexual harassment includes both an objective and a subjective component; the court must consider "the likely effect of a defendant's conduct upon a reasonable person's ability to perform his or her work and upon his or her well-being, as well as the actual effect upon the particular plaintiff." Daniels, 937 F.2d at 1271-72, quoting Brooms v. Regal Tube Co., 881 F.2d 412, 419 (7th Cir.1989).
 
 
 4
 Christian alleges that her boss, Linda Pope, harassed her on several occasions. Christian testified that Pope engaged in unwelcome physical conduct including rubbing Christian's thigh[3] and attempting to hug her. Pope also offered Christian the use of the couch in her office, talked to her in detail about sexual encounters, showed her a personal letter, and gave her several bags of clothing, including an intimate item. While these incidents could plausibly support a claim of sexual harassment, they could just as plausibly be explained by the close friendship between Christian and Pope that apparently existed, at least for a time. The personal approaches, although perhaps unwelcome, could be viewed objectively as friendly approaches rather than sexual advances. In addition, one of Christian's co-workers testified that the personal conversations (including talk about sexual encounters) were common office banter. See Tr. at 360-61. Overall, these incidents do not seem serious enough to establish, at least objectively, a hostile or abusive environment. Thus, the district court did not commit clear error in finding that Pope did not engage in sexual harassment.
 
 III. Racial Discrimination
 
 5
 Christian is black, and she argues that Merchants engaged in racial discrimination by paying blacks lower salaries, placing them in positions where they were effectively hidden from clients and the general public, and refusing to leave jobs open for them when they went on sick leave. Title VII makes it illegal for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of ... race." 42 U.S.C. Sec. 2000e-2(a).[4]
 
 
 6
 Christian, however, presented sparse evidence at trial to substantiate these claims. Christian presented evidence that Merchants did not hold open the job of one black employee (Sara Avant) after she went on medical leave. The corporation, however, offered Avant a different position, which she refused. In addition, Merchants did hold open the job of another black employee (Virginia Tate) while she was on leave.
 
 
 7
 Next, the evidence established that several white workers were paid above the minimum salary,[5] while Christian's and Avant's salaries were below the minimum. However, another black employee, Virginia Tate, made above the minimum salary. Also, Judith Muessig, director of human resources for Merchants at the time of Christian's employment, explained that Merchants had recently adopted a new salary structure and, according to company policy, managers were given eighteen months to put their employees' salaries in line with the new minimums.[6] Finally, Christian presents no company-wide salary statistics;[7] rather, she concentrates on a handful of people in a company with around 1800 employees. We have no reason to believe that her sample is representative of the company at large.
 
 
 8
 Finally, Christian's evidence about the discriminatory placement of employees was based largely on vague accounts by Avant about where black workers were located--no specific evidence or statistics were offered. Muessig testified that 17 per cent of Merchants' work force was black and that many blacks were in supervisory positions or positions requiring contact with customers or clients. See Tr. at 318-21. Thus, we do not believe that the district court committed clear error in holding that Christian failed to prove her allegations of racial discrimination.[8]
 
 IV. Retaliation
 
 9
 Christian claims that she received a poor evaluation[9] in retaliation for complaining about the alleged sexual harassment and racial discrimination. Christian would establish a prima facie case of retaliation if she shows that "(1) [s]he engaged in statutorily protected activity; (2) [s]he suffered an adverse action by [her] employer; and (3) there is a causal connection between the protected expression and the adverse action." Hughes v. Derwinski, 967 F.2d 1168, 1174 (7th Cir.1992). Her complaints about harassment and discrimination are protected activity, but the record does not establish a causal link between the complaints and the poor evaluation. See Plaintiff's Exhibits 13, 17. On a scale of 1-5, her "performance level" does not exceed 3 ("acceptable") on any of her evaluations, plaintiff's Exhibits 8, 13, 14, 17, 19, and she previously received a level 2 in her August 1989 salary review. Thus, Christian's prior work record was average at best.
 
 
 10
 Furthermore, Christian's supervisors had serious concerns about her interactions with other employees. In her August 1989 salary review and February 1990 performance appraisal, Christian's supervisors noted that she needed to improve her attitude and interpersonal skills. Plaintiff's Exhibits 13, 17. In addition, Christian walked out of a performance review meeting in July 1990, see Tr. at 433-35, and she refused to follow technical advice at times, causing problems with the telephone system that she was in charge of programming. See Tr. at 381-86. Thus, the evidence supports the district court's conclusion that Christian received the level 2 evaluation for reasons other than retaliation.
 
 V. Conclusion
 
 11
 In conclusion, the district court did not commit clear error in determining that Christian failed to prove her allegations of sexual harassment, racial discrimination, and retaliation. Thus, the decision of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 In the trial proceedings and the appellee's brief, Ms. Christian is referred to as Donna R. Christian Hornaday. We will refer to the appellant as Donna R. Christian--the name she lists on her brief
 
 
 [2]
 The district court may appoint a magistrate judge to hear a Title VII case. 42 U.S.C. Sec. 2000e-5(f)(5); Fed.R.Civ.P. 53(a)
 
 
 [3]
 Christian was wearing jeans at the time
 
 
 [4]
 Christian also argues that these discriminatory conditions, along with the allegedly hostile environment, caused her to quit her job and constituted a constructive discharge. To state a prima facie case of race discrimination based on constructive discharge, Christian must show (1) that she is a racial minority, (2) she was qualified for her job, (3) she was constructively discharged despite her satisfactory performance, and (4) after she left, Merchants considered prospective workers with qualifications similar to Christian's to replace her. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 93 S.Ct. 1817, 1824 (1973). As Christian does not present any evidence concerning the fourth prong of the McDonnell Douglas test, she fails to establish a prima facie case. Thus, we will concentrate on her claim that Merchants provided blacks with inferior terms and conditions of employment
 
 
 [5]
 "Minimum salaries" were set by a market-based, company schedule
 
 
 [6]
 In addition, when an employee was promoted to a job with a higher minimum salary, the increase to the new minimum salary could take place over a period of time. Christian received a promotion to Administrative Assistant in August 1989
 
 
 [7]
 Christian did not ask Merchants to produce this statistical evidence or an EEO report. See Tr. at 320
 
 
 [8]
 Christian also asserts that she was passed over for a promotion because of her race; a manager (John Cornet) allegedly led her to believe that she was denied the promotion because blacks do not "present the right image." While we find this allegation disturbing, Christian stated at trial that this was not part of her discrimination claim, Tr. at 203, and she presented no evidence to corroborate that the incident occurred
 
 
 [9]
 Christian received a performance level rating of 2 ("Partially meets minimum requirements of position") on her August 1990 evaluation